FARMERS' LOAN & TRUST CO., EXECUTOR, ESTATE OF JENNIE W. DELANO, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20178. Promulgated April 15, 1930.

*Russell L. Bradford, Esq.*, for the petitioner.
*Lewis S. Pendleton, Esq.*, for the respondent.

## OPINION.

STERNHAGEN: The only question raised is as to the propriety under section 403, Revenue Act of 1921, of reducing the deduction for the value of prior taxed property ($363,170.42) to the extent of the amount ($111,107.78) of expenses paid out of a commingled fund consisting of the proceeds from some prior taxed property and some of the independent property of petitioner's decedent. There was always ample independent property to support the disbursements without invading the prior taxed value. No question is raised such as that in *Butterworth's Estate*, 6 B. T. A. 125. In fact, however, prior taxed property was sometimes sold, the proceeds commingled in the general bank account of the estate, and the disbursements indifferently drawn from the commingled account. Out of the total undisputed disbursements of $137,247.59, the evidence shows only $26,140.81 as clearly paid from decedent's independent property, leaving $111,106.78 (not $111,107.78 as computed by respondent) as paid from the commingled fund. Respondent holds that to allow the full amount of $363,170.42 as the deduction for prior taxed property without subtracting this $111,106.78 is to allow a double deduction contrary to the statute.

The question has been considered before and fully discussed. *Dustin's Estate*, 8 B. T. A. 919; affd., 30 Fed. (2d) 774; *Hepburn's Estate*, 11 B. T. A. 1386; *Shannon's Estate*, 16 B. T. A. 743. These decisions establish petitioner's right to deduct, under section 403 (a) (2) as prior taxed property, $363,170.42, without subtracting therefrom $111,107.78 or any other amount of the deductible administration expenses.

*Judgment will be entered under Rule 50.*